**Min Hua JIANG, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY through Alberto R. Gonzales,[1] United States Attorney General, Respondent.**

**No. 04–5101–AG.**

United States Court of Appeals, Second Circuit.

Jan. 30, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Ramesh K. Shrestha, New York, New York, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York; Charles E. Roberts, Assistant United States Attorney, Syracuse, New York, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Min Hua Jiang, through counsel, petitions for review of the August 2004 BIA order affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ's findings of fact, including adverse credibility findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000).

Substantial evidence supports the BIA's affirmance of the IJ's adverse credibility determination with respect to Jiang's claim that she was forced to undergo an abortion. The IJ correctly found the omission of the abortion from Jiang's airport statement and credible fear interview to exist in the record. In addition, the BIA did not need to credit Jiang's explanation that she omitted the abortion during the interviews because she did not know that forced abortion was a basis for asylum and that she was nervous. *See Majidi v. Gon-*

zales, 430 F.3d 77, 80 (2d Cir.2005) (affording deference to the IJ's credibility findings because a petitioner "must do more than offer a 'plausible' explanation for his inconsistent statements to secure relief; 'he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony'"). Because the issue of whether Jiang had a forced abortion was "material" and not merely ancillary to her asylum claim, its omission from the airport statement and credible fear interview is fatal to her credibility. *Cf. Secaida–Rosales*, 331 F.3d at 308.

■ The BIA further properly found that Jiang failed to establish that her fear of persecution by her co-worker and the "gangsters" was based on any of the statutory grounds for asylum and withholding of removal. She did not allege that the abuse she had endured by the gangsters had been on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42).

Petitioner's CAT claim is also is precluded by the BIA's adverse credibility determination. In her oral decision, the Immigration Judge stated:

> Based on the glaring inconsistencies, which were in the application ... and testimony and her Record of Sworn Statement and other written documents, the Court finds [petitioner] lacks total credibility. The Court finds the claim is amateurish, nonsensically [*sic*], crumbly [*sic*], and frivolous. There were no gangsters nor beatings nor abortion.

(A 47) On appeal of that decision to the BIA, it is clear that when the BIA considered all of Jiang's claims including her CAT claim, it adopted the IJ's determination that Jiang lacked credibility. Specifically, in the administrative appeal, the petitioner argued at several points that she would be targeted by gang members who were protected by the police (A 18) and that it was reasonable to expect that she would be tortured when put in detention following her return to China from the United States (A 19). The BIA ruled, however: "On review of [petitioner's] appellate arguments, we find no reason to alter the Immigration Judge's adverse credibility determination." That resulting overarching adverse determination is not limited or undercut by the fact that the BIA supplemented its ruling that Jiang was ineligible for asylum and withholding of removal when it noted that she also had not proven a statutory ground for the alleged persecution inflicted by "gangsters." Moreover, because Jiang's father's letter, which parrots the petitioner's story and makes reference to the alleged "gangsters" and the unwillingness of the police to investigate them, was of necessity subsumed in the IJ's adverse credibility determination, and because there was nothing in the country report or any other source that suggests that such gangsters, if they exist, operate with impunity, the BIA properly observed that there was no objective evidence to support the CAT claim.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).